IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM JEFFREY BARTON, )<br>(a/k/a) JOE SHERROD, )<br>)<br>Petitioner, )<br>)<br>v.   )<br>)<br>KAY COUNTY OKLA. and )<br>THE ATTORNEY GENERAL OF )<br>THE STATE OF OKLAHOMA, )<br>)<br>Respondents. ) | Case No. CIV-05-69-L |

## **REPORT AND RECOMMENDATION**

Mr. William Jeffrey Barton seeks a writ of habeas corpus. For the reasons discussed below, the undersigned recommends dismissal of the action without prejudice to the filing of a new suit.

When the action began, Mr. Barton was incarcerated at the Grant County Jail, and the Court granted him leave to proceed *in forma pauperis*. Order Granting Leave to Proceed in Forma Pauperis (Jan. 31, 2005). Shortly thereafter, however, authorities at the Grant County Jail began returning orders to the Court, stating that he was no longer at the facility. As a result, the Court ordered Mr. Barton "to state by February 25, 2005: (1) whether he has been released; (2) his new address; and (3) if released, the identity of his employer and the amount of his earnings on a weekly or monthly basis." Order (Feb. 7, 2005); *see Treff v. Galetka*, 74 F.3d 191, 197 (10th Cir. 1996) ("We hold that when a litigant's financial condition improves during the course of the litigation, the district court may require him or her to pay

fees and costs." (citations omitted)). He was also advised that the "failure to timely comply could result in revocation of pauper status and/or dismissal without prejudice." Order (Feb. 7, 2005). Mr. Barton did not respond. Thus, on March 3, 2005, the Court revoked the Petitioner's pauper status and ordered him to pay the $5.00 filing fee by March 18, 2005. Order (Mar. 3, 2005); *see McMahon v. Glanz*, 139 F.3d 912, 1998 WL 72502 (10th Cir. Feb. 23, 1998) (unpublished op.) (upholding revocation of pauper status based on improvement in a pretrial detainee's financial condition). The Court reminded the Petitioner that the "failure to timely comply could result in dismissal of the action, without further notice." Order (Mar. 3, 2005).

The Petitioner has not paid the filing fee or requested an extension of time, and his deadline expired eleven days ago. Under these circumstances, the action should be dismissed without prejudice to the filing of a new suit. *See Cosby v. Meadors*, 351 F.3d 1324 (10th Cir. 2003) (upholding dismissal of a federal inmate's civil rights complaint based on noncompliance with orders requiring installments on the filing fee), *cert. denied*, __ U.S. __, 124 S. Ct. 2109 (2004).

For the reasons stated above, the Court should summarily dismiss the action without prejudice to the initiation of a new suit.

The Petitioner is advised of his right to object to this report and recommendation by April 18, 2005. *See* W.D. Okla. Local Civil Rule 72.1(a). If the Petitioner does object, he must file a written objection with the Court Clerk for the United States District Court, Western District of Oklahoma. The Petitioner is further advised that if he does not timely

object, he would waive his right to review by the Tenth Circuit Court of Appeals. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The referral has been terminated.

Entered this 29th day of March, 2005.

_____
Robert E. Bacharach
United States Magistrate Judge